NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT R. SNYDER,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; D. ASUNCION, Warden at California State Prison, Los Angeles County, individual; JOSIE GASTELO, Warden, Warden, individual; D. SCHEIFFELE; P. WARD, Sergeant, individual; B. FLOERCKY, Acting Sgt., individual; B. PHILLIPS, Associate Warden/Sergeant, individual; ACUNA, Duty Sgt., individual; A. ESQUERRA, C.O., individual,<br><br>               Defendants-Appellees. | No. 21-55087<br><br>D.C. No. 2:18-cv-01223-PSG-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 18, 2023[**]

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California state prisoner Robert R. Snyder appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and deliberate indifference to his health. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Snyder's action because Snyder failed to allege facts sufficient to state a plausible violation of his constitutional rights. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (to establish retaliation, plaintiffs must allege "a causal connection exists between the protected conduct and the adverse action"); *Toguchi v. Chung*, 391 F.3d 1051, 1056-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health).

The district court did not abuse its discretion by dismissing Snyder's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**